UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:03-CV-00167 |
| ex rel DR. HARRY F. FRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| THE HEALTH ALLIANCE OF | : | |
| GREATER CINCINNATI, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss Relator Harry F. Fry, M.D., for Lack of Subject Matter Jurisdiction (doc. 116), Relator's Response in Opposition (doc. 124), the government's Response (doc. 125), and Defendants' Reply (doc. 129). The Court held a hearing on Defendants' Motion on May 7, 2009. For the reasons indicated herein, the Court DENIES Defendants' Motion.

**I. Background**

Relator originally filed this qui tam action on March 7, 2003, alleging Defendants engaged in a "pay to play" scheme by assigning time to cardiologists in Defendant hospital's heart station in proportion to the volume of referral of cardiac procedures made by cardiologists to the hospital (doc. 1). The government elected to intervene on April 1, 2008 (doc. 33).

In the instant motion, Defendants seek to dismiss Relator

from this action, based on the theory that his Complaint is premised on disclosures in previous litigation, and thus he is barred by the False Claims Act's ("FCA") "public disclosure bar" (doc. 116). Defendants further argue that Relator does not qualify as an "original source" because he notified the government of his allegations after public disclosures had already been made (Id.).

Relator responds that the previous litigation was a contract matter that did not allege the fraud alleged here, and the discovery materials that Defendants claim constitute disclosures were never available to the public (doc. 124). Relator contends, and the government agrees, that when discovery is filed with a court, then such filing constitutes a public disclosure (Id.). Here, Relator argues, the discovery was only exchanged between private parties (Id.).

The practical consequence of Defendants' motion, if granted, would not ultimately affect the government's litigation of this action. The Court has already found the allegations in this matter to constitute viably pleaded claims (doc. 95).

**II. The False Claims Act Public Disclosure Bar**

When the False Claims Act was enacted in 1863, it allowed a Relator to bring a civil qui tam action even if the government had already investigated, and even criminally prosecuted, the identical fraud. Sen. Rep. No. 345, 99th Cong., 2d Sess., 2, reprinted in 1986 U.S.C.C.A.N. 5266, 5275-76, 1986 WL 31937 (Leg.

Hist.). This sort of so-called "parasitic" lawsuit was made infamous in the Supreme Court's decision in Marcus v. Hess, 317 U.S. 537 (1943), which allowed Relators to recover damages where they contributed nothing to the discovery of the fraud, and merely filed a Complaint alleging the identical fraud listed in the preceding criminal Indictment. Id. Congress sought to remedy the statute in 1943, and again in 1986, with the ultimate result being the present-day "public disclosure bar" Id. Accordingly:

> No Court shall have jurisdiction over an action under this section based upon public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). As it currently stands, therefore, the public disclosure provision bars Marcus v. Hess-styled Relators from simply repeating allegations about which the government is already aware. Such provision does not take away incentives for Relators to ferret out fraud of which the government has no knowledge, the overarching purpose of the False Claims Act.

The Sixth Circuit has held that for a Relator's qui tam action to be barred by a prior public disclosure of the underlying fraud, "the disclosure must have 1) been public, and 2) revealed the same kind of underlying fraudulent activity against the government as alleged by the relator." U.S. ex rel. Poteet, 552 F.3d 503 at 511 (6th Cir. 2009). In so holding, the Sixth Circuit

3

clarified that public disclosure "includes documents that have been filed with a court, such as discovery documents, and a plaintiff's complaint."  Id. at 512, citing United States ex rel. McKenzie v. Bell South Telecommunications, Inc., 123 F.3d 935, 939 (6th Cir. 1997).

**III. The Hearing on Defendants' Motion**

The parties' arguments at the hearing turned on whether the discovery documents in previous litigation, some of which were used by Relator in support of his Complaint in this matter, constitute evidence of a prior public disclosure, such that the Court lacks jurisdiction over Relator's Complaint.  The prior litigation between Medical Diagnostic Associates and University Internal Medical Associates, Inc., (the "UIMA litigation") resulted in the following: 1) a complaint for breach of contract, unjust enrichment, and promissory estoppel, 2) subpoenas issued by UIMA requesting information from the Christ Hospital, 3) letters and other documents exchanged by the parties, and 4) depositions. Relator argues the only document "filed with the court" in the UIMA litigation was the Complaint, which made no mention of fraud or the allegations or transactions at issue in the instant lawsuit.  All other documents, Relator contends, were only exchanged between private parties and do not amount to public disclosures as they were not filed with the Court within the meaning of Poteet, 552 F.3d 511 (6th Cir. 2009).

The government indicated at the hearing that it had no knowledge of Relator's allegations until he gave it notice, and that Relator's action is not parasitic. The government argued that should the Court adopt a rule that unfiled discovery in litigation could constitute public disclosure, such a rule would take away incentives for Relators to blow the whistle on fraud about which the government otherwise would not know. Finally, it argued that the Sixth Circuit's language in Poteet should be construed to exclude unfiled discovery as triggering public disclosure.

Defendants argued at the hearing and in their Reply that Relator makes an inferential leap by arguing the Sixth Circuit's statement in Poteet that public disclosure includes filed documents means public disclosure excludes unfiled discovery. In Defendant's view, Poteet did not decide whether unfiled discovery could constitute an FCA public disclosure, as unfiled discovery was not at issue. Defendants further argued, invoking both United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co., 944 F.2d 1149 (3d Cir. 1991) (disclosure of discovery material to a party who is not under any court-imposed limitation as to its use is public disclosure under the FCA), and United States v. A.D. Roe Co., 186 F.3d 717, 723-25 n. 6 (6th Cir. 1999)(production of information to a single individual pursuant to a Freedom of Information Act ("FOIA") request amounts to a "public

5

disclosure."). Relator responded that Stinson was based on an old version of Federal Rule of Civil Procedure 5(d) which required that all discovery be filed with the Court, while Roe, an FOIA case, is not on point, as there is a FOIA exception such that any qui tam complaint premised on FOIA materials obtained from the government is considered publicly disclosed.

Defendants next argued that because there was no protective order over the UIMA discovery, such documents should be considered publicly disclosed. Defendants contended public disclosure does not mean government disclosure, nor does it mean public accessibility. In Defendants' view, allowing a Relator to "fish" for information in a civil lawsuit would engender delay in the reporting of FCA violations to the government.

**IV. Discussion**

Having reviewed this matter, the Court does not find Defendants' position well-taken. The Court finds that Poteet, by stating that publicly-filed documents resulted in public disclosure, necessarily excluded unfiled discovery documents from resulting in public disclosure. 552 F.3d 511 (6th Cir. 2009). There are a whole host of policy reasons for such a rule, as enumerated by the government, which cannot be forced to investigate discovery documents in every existing civil case so as to determine whether there is evidence in support of an FCA claim. The whole purpose of the FCA is to harness incentives for a whistleblower or

6

"private attorney general" to report to the government alleged fraud that otherwise could go undiscovered. Sen. Rep. No. 345, 99th Cong., 2d Sess., 2, reprinted in 1986 U.S.C.C.A.N. 5266, 1986 WL 31937 (Leg. Hist.). Here, the government plainly stated that it relied on Relator's information, that it otherwise would not have had knowledge about this case, that Relator's action is not parasitical, and that it would gladly share with Relator in any recovery of damages. Under such circumstances, the Court does not see how that a dismissal of Relator here would comport with Congress' intent in enacting the FCA.

Of course, there might be instances where unfiled discovery documents could be disclosed through other avenues. Here, however, there is no such evidence of disclosure of Plaintiff's allegations in the news media or in government reports. 31 U.S.C. § 3730(e)(4)(A). Here, the sole question is whether documents, essentially buried in a state court contract action, bar Relator from pursuing his claims.

At the hearing, the Court queried the parties as to why the filing of documents on a court docket could constitute public disclosure, and concluded that as a result of such a filing, a court could take judicial notice of such filing, and rely on the information therein as reliable and authenticated. The same principles do not apply to unfiled discovery.

Finally, the Court finds Defendants' view overly onerous

7

which would require the filing of protective orders over unfiled discovery so as to qualify such discovery as undisclosed. Such a rule comports with <u>Stinson,</u> 944 F.2d 1149 (3d Cir. 1991), which the Court finds unpersuasive and based on an outdated Rule 5(d). As this Court noted in its previous Order, the Supreme Court has affirmed an aggressive reading of the FCA. <u>Cook County, Ill. V. United States ex rel. Chandler,</u> 538 U.S. 119 (2003). The Court therefore does not see how the creation of extra barriers and disincentives for whistleblowers to report fraud comports with Congressional intent, which is that whistleblowers agressively "fish" for evidence of fraud on behalf of the government.

## V. Conclusion

The Court concludes that the UIMA litigation discovery materials do not preclude Relator Harry Fry, M.D. from advancing his <u>qui</u> <u>tam</u> claims. The UIMA Complaint, on its face, brought allegations of breach of contract, unjust enrichment, and promissory estoppel. The Complaint did not alert any one as to the allegations of fraud at issue in the case at bar. The UIMA discovery documents, which were never filed with the court, were as a matter of law undisclosed. <u>Poteet</u>, 552 F.3d 511 (6th Cir. 2009). As such, the Court need not reach the issue of whether Relator qualifies as an "original source."

Finally, at the hearing, when the Court queried the parties, Defendants indicated this question would be appropriate

for appellate review pursuant to 28 U.S.C. § 1292(b). The Court, however, is not of the opinion that such an immediate appeal would materially advance the termination of this litigation. Instead, a Section 1292(b) appeal would only engender delay of the ultimate resolution of this matter.

Accordingly, the Court DENIES Defendants' Motion to Dismiss Relator Harry F. Fry, M.D., for Lack of Subject Matter Jurisdiction (doc. 116).

SO ORDERED.

Dated: May 12, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge