```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:03-CV-00167 |
| ex rel DR. HARRY F. FRY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| THE HEALTH ALLIANCE OF | : | |
| GREATER CINCINNATI, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the government's Objection to the Magistrate Judge's Order (doc. 227) Requiring the government to Produce a 30(B)(6) Deponent (docs. 258, 260, 266), Defendants' Response in Opposition (doc. 264), and the government's Reply (doc. 272). Also before the Court is the government's Objection to the Magistrate Judge's Order (doc. 228) Requiring the United States to Produce Paper Claims Forms and to Limit Additional Claims or Damages That Have Not Already Been Disclosed (doc. 267, 269), Defendants' Response in Opposition (doc. 273), and the government's Reply (doc. 279). Finally, the government has moved the Court to stay the Magistrate Judge's Orders Pending a Ruling on Its Objections (docs. 259, 268), which Defendants have opposed (docs. 264, 274).

For the reasons indicated herein, the Court overrules the government's objections, AFFIRMS the Magistrate Judge's Orders in

all respects, and ORDERS the government to comply accordingly. The Court further DENIES the government's motions to stay, as the instant Order renders such motions moot.

**I. Background**

On November 20, 2009, the Magistrate Judge issued two discovery orders in this matter (docs. 227, 228). The first order involved the government's refusal to provide a Rule 30(b)(6) representative for deposition (doc. 227). The Magistrate Judge stated that the Federal Rules apply to the government, that the government failed to comply with the rules, that Defendants, contrary to the government's contention, do not seek to depose government counsel, and that the government cannot dictate what discovery devices the Defendants use to obtain information (Id.). Accordingly, the Magistrate Judge granted Defendants' motion to compel and ordered the government to produce a 30(b)(6) deponent forthwith (Id.).

In his second order, the Magistrate Judge addressed Defendant Ohio Heart's motion to compel (doc. 196) that sought 1) the government claims data in a readable and understandable format, 2) the claims upon which the United States relies in seeking damages, and 3) the verification pages relating to the supplemental information forwarded by letter from the Assistant U.S. Attorney dated June 16, 2009 (doc. 228). The Magistrate Judge found first that Defendant was no longer alleging the claims data is not

understandable, but rather was contending the government improperly seeks to reserve its right to identify additional claims data for which it will seek damages from Defendants in the future (Id.). As such, Defendant Ohio Heart requested the Court bar the government from presenting any additional claims or damages not stated in its November 16, 2009 production, the date of the discovery cut-off (Id.). The Magistrate Judge found the government's reservation of additional unknown claims at an unknown future date contrary to the rules of discovery (Id.). The Magistrate Judge stated that because the government had sufficient time to assert its claims and damages, it could not allege additional claims or damages after the discovery deadline has passed (Id.). Moreover, the Magistrate Judge found that Defendants are entitled to the actual claims forms from which the government created its summaries, so as to verify the accuracy of the summaries (Id.). The Magistrate Judge further found Defendants are entitled to review the claims forms in order to assess their liability and damages (Id.). As such, the Magistrate Judge ordered the government to produce all of the claims to the extent they have not already done so (Id.). Finally, the Magistrate Judge found the government should provide a verification page to its June 16, 2009 supplementary interrogatory answers, pursuant to Fed. R. Civ. P. 26(e) (Id.).

The government filed objections to each of the Magistrate Judge's orders, as well as motions to stay such orders pending the

Court's ruling on its objections (docs. 258, 259, 267, 268). Defendants have filed their responses in opposition (docs 264, 273), and the government its replies (docs. 272, 279), such that this matter is ripe for the court's consideration. Under Fed. R. Civ. P. 72(a), the Court is required to "consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or contrary to law."

**II. Discussion**

    **A. The Rule 30(b)(6) Deponent Issue**

The government contends in its objection to the Magistrate Judge's order concerning the Rule 30(b)(6) deponent, that it never objected to providing such a witness regarding damages calculations or the claims submission and payment process, and has already agreed to provide such a deponent (doc. 260). The government argues that instead, it objects to the Magistrate Judge's order to the extent that such order requires it to provide a witness to testify about its interpretation and application of the law, which "essentially amounts to a request to depose opposing counsel" (Id.). The government therefore requests the Court reverse the Magistrate Judge's ruling "only to the extent that it requires the United States to answer questions about the law, including the legal basis for the government's damages theory" (Id.). The government argues Defendants already have information concerning the government's theories due to the motion practice in

4

this case, and in any event, the requested information is available through other means than deposing government counsel (Id.). Finally, both in its objection, and by a parallel motion to stay, the government requests the Court stay the Magistrate Judge's order pending the Court's decision on its objection (Id.).

Defendants respond first that the Magistrate Judge's order is entitled to deference, and that the government has neither shown how such order is clearly erroneous or contrary to law nor demonstrated there is a likelihood of reversal so as to justify a stay (doc. 264). Defendants contend that the topics requested in their 30(b)(6) notice included 1) identifying who prepared the previously-provided claims data, how it was prepared, and what is included in the data, and 2) providing a description of the claims that the United States alleges are false and for which the United States will seek to hold any of the defendants liable, including identifying the total number of claims, the individual or entity that submitted each claim, and the reasons why the United States alleges it was false (Id.). Defendants argue that in essence, they seek "a representative of the United States to explain how it has calculated the hundreds of millions of dollars it seeks in this case" (Id.). Defendants argue that though the government asserts that questions regarding the total number of alleged false claims, why they are false, which defendants are liable, and what certifications of compliance are false constitute questions about

5

the law instead of factual inquiries, such topics are exactly the type of routine factual support suitable for a 30(b)(6) inquiry (Id. citing Travelers Indem. Co. v. Hans Lignl Anlagenbau Und Verfahren, 189 F. Appx 782, 785 (10th Cir. 2006)). Defendants further contend they are entitled to the evidentiary basis for the government's claims, and cannot be denied such right and be forced to rely on the government's pleadings (Id.). Finally, Defendants argue the government cannot unilaterally choose which discovery rules it must follow because it prefers to answer interrogatories instead of deposition questions (Id.).

The government reiterates in its Reply that it only objects to the Defendants' Rule 30(b)(6) deposition notice to the extent that it seeks testimony about the government's legal theories, including the law upon which the government's damages theory is based (doc. 272). The government contends that on December 7 and 11, 2009, it produced four witnesses who addressed every topic set forth in Defendants' notice of deposition (Id.). The government proffers a list of questions Defendants posed that it contends only an attorney could answer, and indeed, that its witness Michael Granston, an attorney, was able to answer (Id.). Finally, the government indicates it is withdrawing its motion to stay because it has complied with the Magistrate Judge's order by producing four witnesses to respond to Defendants' Rule 30(b)(6) requests (Id.).

6

Having reviewed this matter, the Court does not find the Magistrate Judge's order clearly erroneous or contrary to law. The government, like any other party, must comply with the rules of discovery, and like any other party, cannot dictate to its adversary which discovery tools should be used. Defendants were within their rights to seek 30(b)(6) witnesses, and the government was under a duty to respond accordingly.

As the government indicates it has complied with the Magistrate Judge's Order, the Court can only wonder whether this discovery dispute has already been resolved short of the instant Order. In any event, the government should make no mistake of the fact that the Court requires it to provide to Defendants what they claim to seek in their Response: a representative of the United States to explain how it has calculated the hundreds of millions of dollars it seeks in this case. Defendants are entitled to know the factual basis for the allegations against them, and are not required to rely on the pleadings as proof of such allegations. To the extent that any witness cannot answer a question that strays into legal territory, such witness only need indicate they do not know the answer. Moreover, the Court is certain the government would object in the context of the deposition, on the record, to any purely legal question. As such, the Court finds this entire discovery dispute overblown. Clearly it is not burdensome for the government to provide the factual basis for its allegations, as it

7

has done so repeatedly in conferences before the Court and in the presence of Defendants. The government certainly has the capacity to prepare a witness for such an inquiry. The Magistrate Judge's Order is well-reasoned and correct. The Court therefore DENIES the government's objections thereto.

**B. The Issues of Paper Claim Production and Limitation of Damages**

The government next objects to the Magistrate Judge's order, issued contemporaneously with the order above, restricting the government's damages claims to summary materials produced before the discovery cut-off, and requiring the United States to provide actual claims forms from which they created their summary materials (docs. 267, 269). The government contends it has already produced the data in electronic format, that such data is readable, and it supports the government's theories (Id.). Because Defendants submitted claims for payment electronically, and were paid electronically, the government contends paper claims are not relevant to this case (Id.). In fact, the government argues, though the Magistrate Judge is requiring the production of all "claims forms" used to create the summaries, no such claims forms exist, as the summaries were prepared using the same electronic data already produced (Id.). In the government's view, therefore, the Magistrate Judge's order improperly requires it to manufacture evidence (Id.). In addition to objecting to the order, the government requests the Court stay such order pending the Court's

8

decision on the government's objection (Id.).

Defendants respond with a timeline of their discovery challenges through the Spring and Summer of 2009 that included their procuring an order from the Magistrate Judge that the government produce claims data in a readable format because one of the files the government did produce contained over a trillion symbols that the Court was "unable to decipher" (doc. 273). By mid-summer the government provided an additional compact disc that counsel was similarly unable to read or understand (Id.). By September, Defendants indicate they discovered the data upon which the government relied included non cardiac related services, and therefore was inaccurate (Id.). Nonetheless, contend Defendants, the government told them by letter that the data was not understandable to the average layman and it would make no further efforts to produce the data in a readable format (Id.). Defendant Ohio Heart then filed a motion to compel, in response to which the government produced on November 16, 2009, a computer disc with three spreadsheets summarizing the government's data (Id.).

The Magistrate Judge's Order granting Ohio Heart's motion to compel required the government "to produce the actual claims forms from which they created the summaries produced on November 16, 2009" based on the finding that Defendants are entitled to review the actual claims, and not merely summaries, so as to assess their liability and damages (doc. 228). As the government claimed

9

it had already produced all of the claims, the Magistrate Judge stated that "to the extent that [such claims] have not been produced, Plaintiffs are ordered to do so" (Id.).

The Court again finds the government's position without merit. It reads a requirement into the Magistrate Judge's order that simply is not there. The order does not require the government to create evidence, but to provide the actual claims that served as a basis for the summary of claims it created. The record shows those actual claims exist in both paper and electronic formats. The record also shows that the government produced indecipherable data files. Under these circumstances, the Court can find nothing clearly erroneous or contrary to law in the Magistrate Judge's order. As such, to the extent that the government has not provided Defendants with all the electronic and paper claims data not previously produced, it is clearly required to do so. As the Magistrate Judge correctly found, "Defendants are entitled to the actual claims forms from which the summaries were created. A summary is only as valid and reliable as the underlying evidence it summarizes. Without the actual claims forms Defendants cannot verify that the summaries accurately portray the information" (doc. 228).

Although the government further objects to the Magistrate Judge's order that it shall not allege additional claims or damages which have not already been disclosed (doc. 269), it offers no

argument in support of such objection, and nothing in its Reply concerning such issue (doc. 279). The Court again finds nothing clearly erroneous or contrary to law in the Magistrate Judge's Order. It simply does not comport with the interests of justice and finality to allow the government, after six years of prosecuting this action, to surprise Defendants with further claims when it has had more than enough time in discovery to establish the scope of its case.

**III. Conclusion**

For the reasons articulated herein, the Court finds no basis to reverse the Magistrate Judge's thoroughly well-reasoned orders (docs. 227, 228). Accordingly, the Court DENIES the government's Objections (docs. 228, 258), and ORDERS the government to comply with such orders. The Court further DENIES AS MOOT the government's motions for stay to the extent not withdrawn (docs. 259, 268), as the instant Order resolves the issues related to the government's objections. Finally, since some matters herein may require more analysis at trial by the Court, this Order remains subject to further Order of the Court.

SO ORDERED.

Dated: January 6, 2010  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge